with pressure situations which arose from time to time, and that her discharge was changed from "Refusal to carry out management's instructions" to "Not suited for position". In the light of such advice, the finding of the board that claimant lost her employment through misconduct is not supported by substantial evidence. Decision reversed, and matter remitted to the board for further proceedings, with costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of VIRGINIA PRUSINOSKI, Appellant. SYRACUSE CHINA CORPORATION, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 6, 1975, which affirmed a decision of the referee disqualifying claimant from receiving benefits on the ground that she voluntarily left her employment to follow her spouse to another locality. After 33 years with her employer in Syracuse, claimant married and moved to Rome, New York, to reside with her husband. Claimant commuted daily to Syracuse from Rome for about two months when she quit her job. She testified that she found the travel too hard and that it made her nervous. There is, in our view, substantial evidence in the record to sustain the board's determination that claimant voluntarily left her employment to follow her spouse to another locality. This automatically disqualified her from receiving benefits. (Labor Law, § 593, subd 1, par [b], cl [2].) Decision affirmed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.

■ In the Matter of RALPH HENNE, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of New York State Policemen's and Firemen's Retirement System, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. The petitioner's contention that he suffered various accidental happenings which caused pain and injury was not disputed at the hearing held herein by the respondent. The record, however, contains medical proof that the petitioner was not subject to any present physical disability which would prevent him from performing his duties. The record contains substantial evidence to support the respondent's determination of the factual issue of whether or not the petitioner was physically or mentally incapacitated for the performance of duty as a result of an accident sustained in the service upon which his membership is based. (See *Matter of Gorman v Levitt,* 49 AD2d 970; *Matter of Cisler v Levitt,* 49 AD2d 971.) Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of FRANK MAGLIULO, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of New York State Policemen's and Firemen's Retirement System, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the New York State Policemen's and Firemen's Retirement System which denied petitioner's application for accidental disability retirement pursuant to section 363 of the Retirement and Social Security Law. On October 5, 1964, petitioner was employed as a detective by the Suffolk County Police Department. On that date, while operating a police car, he was involved in an accident which subsequently resulted in hospitalization and a period of loss of work. Petitioner returned to work in February